CITY OF KAUKAUNA, Appellant, vs. PUBLIC SERVICE
COMMISSION, Respondent.

*December 6, 1955—January 10, 1956.*

For the appellant there was a brief and oral argument by *H. F. McAndrews,* city attorney.

For the respondent Public Service Commission there was a brief by the *Attorney General* and *William E. Torkelson,* chief counsel for the commission, joined in by *Van Hoof & Van Hoof* of Little Chute, for the village of Combined Locks, and oral argument by *Mr. Torkelson* and *Mr. Gerald H. Van Hoof.*

GEHL, J. The parties agree that the only question to be considered upon this appeal is whether the commission had jurisdiction to establish the rate to be charged by Kaukauna, and that if it had such jurisdiction, it is by virtue of the provisions of sec. 66.076 (9), Stats. They are as follows:

"Upon complaint to the public service commission by any user of the service that rates, rules, and practices are unreasonable or unjustly discriminatory, or upon complaint of a holder of a mortgage bond or mortgage certificate or other

evidence of debt, secured by a mortgage on the sewerage system or any part thereof or pledge of the income of sewerage-service charges, that rates are inadequate, the public service commission shall investigate said complaint, and if sufficient cause therefor appears shall set the matter for a public hearing upon ten days' notice to the complainant and the town, village, or city. After such hearing, if the public service commission shall determine that the rates, rules, or practices complained of are unreasonable or unjustly discriminatory, it shall determine and by order fix reasonable rates, rules, and practices and shall make such other order respecting such complaint as may be just and reasonable. The proceedings herein shall be governed, as far as applicable, by the provisions of sections 196.26 to 196.405."

It is not disputed that a complaint in regular form and substance was filed by Combined Locks with the commission. The validity of the statute is not questioned. There is, therefore, but one question—Is Combined Locks a "user of the service" provided by Kaukauna so as to entitle it to the benefits of the statute?

It is our opinion that Combined Locks has been a user of the service if for no other reason than that, as the commission found, the sewage from the public buildings of the village is delivered into the system. There is, however, a firmer basis for the conclusion. The inhabitants of the two municipalities are the members of and compose the corporations. In a sense, they are the principals who can act only by use of the respective municipalities and through their officers. When the municipality contracts, it contracts for them. The rights defined in the contract are the rights of the inhabitants of Combined Locks. The agreement is the result of negotiations between the people of the two municipalities represented by their respective officers and was made, not for the entity known as a municipality, but for them and, of course, they are the users of the service.

The fact that the relationship between the municipalities was created by contract and that the term of its existence has

expired is immaterial. The commission did not concern itself with that phase of the matter. It probably could not have. As we have held, Combined Locks was a user of the service at the time the matter was considered by the commission, and it made no difference by what right or authority it made use of Kaukauna's facilities. The commission did no more than is authorized by the statutes, that is, to fix a rate for the service.

Kaukauna contends that to acquire jurisdiction under the provisions of the statute which we have quoted, it must appear that one or the other of the municipalities is a public utility. That requirement is not contained in the provisions of the statute nor can it be implied from any of its provisions. The court is without power to add it.

*By the Court.*—Judgment affirmed.